**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:   1:15-cv-02192

DYLAN FRACASSE,

    Plaintiff,

v.

ABLAZE ENERGY, a Colorado limited liability company,

    Defendant.

## COMPLAINT

Plaintiff, Dylan Fracasse ("Plaintiff"), by and through his counsel, for his Complaint against Defendant ABLAZE ENERGY, LLC ("Defendant") hereby states and alleges as follows:

1. Defendant owns and/or operates Ablaze Energy, LLC located in Denver and Erie, Colorado, and including the following principal office street address:

    621 Smoky Hills Lane, Erie, Colorado 80516

    Ablaze Energy provides residential and commercial solar power systems and services in Colorado and other states. Upon information and belief Defendant is engaged in interstate commerce by installing/buying/obtaining solar panel equipment through interstate commerce, performing services for clients in states, taking and receiving long distance phone calls, sending and receiving long distance faxes, and sending its employees to work on projects in other states.

2. The Defendant uniformly denied wages, expenses and overtime pay to Plaintiff for hours worked on behalf of the Defendant. More specifically, Defendant failed to pay Plaintiff for all hours worked during his shift. Plaintiff was not properly paid for his expenses or overtime.  Plaintiff was a non-exempt Sales employee.

3. The Defendant's deliberate failure to pay Plaintiff his earned wages, expenses and overtime compensation violates the Fair Labor Standards Act ("FLSA") and the Colorado Wage Act ("CWA").

4. Plaintiff was subject to the same illegal policy and practice of failing to pay workers for all time worked including failing to pay associated expenses and overtime wages.

5. Plaintiff complained about the illegal practices via text message.

6. This cause of action is brought to recover from Defendant unpaid wages, expenses, overtime compensation, a declaratory judgment, liquidated damages, non-economic damages, and the costs and attorneys' fees associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiff.

## JURISDICTION AND VENUE

7. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 5 of this Complaint as if set forth *verbatim*.

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce of the FLSA, 29 U.S.C. §§ 203(s)(1)(A)(i); 29 C.F.R. § 776.11).

10. Defendant states on its website that it teams up with the top solar partners in the industry to ensure that whatever options you may need or want are available with your residential solar power. Upon information and belief these partners are throughout the United States and the equipment was purchased through interstate commerce.

11. Upon information and belief Defendant purchases and receives equipment through interstate commerce. Upon information and belief Defendant receives and sends faxes long distance; has clients from outside of the state, and makes and receives long distance phone calls.

12. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

13. Plaintiff worked as a Sales employee. He was sent to California to perform work on behalf of Defendant. He also received equipment through interstate commerce. Plaintiff also worked with clients and other Solar partners from other states who obtained services through Defendant.

14. This Court also has jurisdiction over Plaintiff's claim for public policy violation and violations of the Colorado Wage Act pursuant to 28 U.S.C. § 1367 because the State claims are so related to the FLSA claims that they form part of the same case or controversy.

15. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claim pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claim forms a part

of the same case or controversy and arises out of the common nucleus of operative facts as wage and hour claims.

16. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado.

## COVERAGE

17. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 12 of this Complaint as if set forth *verbatim*.

18. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA because he was an individual employed by the employer as a Sales employee. Also, Plaintiff was an "employee" of Defendant within the meaning of FLSA because:

    a. the Defendant exercised control over Plaintiff's work schedules, work tasks and work processes;

    b. the Plaintiff had no opportunity to experience a profit or loss consistent with the characteristics of being independent businesswomen/businessmen:

    c. the Plaintiff did not invest in Defendant's business, did not include amount of large capital expenditures, such as risk capital and capital investments, not negligible items, or labor itself;

    d. Plaintiff did not transfer from place to place as particular work is offered to them; Plaintiff worked for only one employer, Defendant, and such relationship was continuous and of indefinite duration;

    e. Plaintiff did not "make any independent judgments," and thus did not exercise his skills "in any independent manner";

    f. Plaintiff's services were a necessary component of Defendant's business; and

    g. Plaintiff did not bring his own tools or equipment to work, most, if not all, tools and equipment were the property of Defendant.

19. At all times material hereto, Defendant was an "employer" within the meaning of FLSA because Defendant acted directly or indirectly in the interest of the employer in relation to an employee. 29 U.S.C. § 203(d). See *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012).

20. The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (quoting 29 U.S.C. § 203(g)). "An entity 'suffers or permits' an individual to work if, as a matter of 'economic reality', the entity functions as the individual's employer." *Zheng v. Liberty Apparel Co., Inc.,* 355 F.3d 61, 66 (2d Cir.2003) (citing *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961).

21. The Tenth Circuit has adopted the economic reality test for determining an employment relationship. *Baker v. Flint Eng'g & Const. Co.,* 137 F.3d 1436, 1439 (10th Cir.1998). The *Baker* court held that "[t]he economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Id.* (citing *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir.1990)).

22. At all times material hereto, Defendant was an employer because it had the ability to do the following with respect to Plaintiff: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment and were obligated under the law to maintain employment records.

23. Also, at all times material hereto, Defendant was an employer because it held exclusive operational control over Plaintiff, was solely responsible for the day-to-day operations *and* had direct responsibility for the supervision of the Plaintiff.

24. At all times material hereto, Defendant had two (2) or more employees.

25. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

26. The FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as one that "(a)(i) has employees engaged in commerce or in the production of goods for commerce**,** or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1); *See Tripodi v. Microculture, Inc.,* 397 F. Supp. 2d 1308, 1313 (D. Utah 2005).

27. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA. Upon information and belief Defendant bought and received solar panel equipment through interstate commerce. Upon information and belief Defendant serviced clients from other states. Upon information and belief Defendant made, sent and received long distance calls and faxes.

28. Also, based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods. Upon information and belief, Defendant provides solar panel options for clients for an annual gross revenue in excess of $500,000 per annum.

29. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

30. Likewise, section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Because none of the FLSA exemptions apply to Plaintiff, at all times material hereto, Plaintiff was non-exempt.

## PARTIES

31. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 26 of this Complaint as if set forth *verbatim*.

32. At all times pertinent hereto, individual Plaintiff Dylan Fracasse was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 5511 Suffolk Ave., Castle Rock, CO 80104. At all times pertinent hereto, Plaintiff was a non-exempt employee with the title of Sales, with the Defendant. Plaintiff worked for Defendant from January 25th 2015 to April 16th 2015.

    Defendant is a limited liability company in Colorado with offices located at 621 Smoky Hills Lane, Erie, Colorado 80516.

## GENERAL ALLEGATIONS

33. Plaintiff incorporate herein by this reference the allegations contained in Paragraphs 1 through 32 of this Complaint as if set forth *verbatim*.

34. Defendant operates Ablaze Energy, LLC, a residential and commercial solar panel company that performs solar work.

35. Plaintiff worked in Sales and was not paid, wages, expenses or overtime.

36. Plaintiff was not paid for all hours worked. Plaintiff was not compensated for work related tasks during his shifts or additional shifts he would work on behalf of Defendant.

37. Plaintiff was not compensated by Defendant for expenses.

38. Plaintiff was not compensated for all of his straight time worked for the benefit of Defendant.

39. Plaintiff was also not properly paid overtime for all hours over forty worked for the benefit of the employer in a workweek.

40. On or about April 15, 2015, Plaintiff complained to Defendant's owner Justin Petelute that he was not paid wages or expenses.

41. On or about April 16, 2015, Pentelute texted Plaintiff and stated that paying wages and expenses was at Pentelute's "discretion."

42. On or about April 21, 2015, Pentelute told the Better Business Bureau that Plaintiff did not work "directly or indirectly" for Defendant.

43. Plaintiff was provided an email address from Defendant, a badge from Defendant and worked with other employees of Defendant and completed work on behalf of Defendant.

## FIRST CLAIM FOR RELIEF

**Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records**

44. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 45 of this Complaint as if set forth *verbatim*

45. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

46. Plaintiff is an "employee" pursuant to 29 U.S.C. § 203(e)(1).

47. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d).

48. Plaintiff was suffered and/or permitted to work by Defendant pursuant to 29 U.S.C. § 203(g).

49. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

50. The FLSA regulates, among other things, payment of overtime pay by employers whose employees are engaged in the alleged activities of the Defendant's facilities.

51. Defendant was, and is, subject to the recordkeeping, minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

52. Defendant failed to maintain records of the hours worked by Plaintiff including his wages, expenses and overtime hours.

53. Defendant violated the FLSA by failing to pay Plaintiff all of his time worked, including overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by employees.

54. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from pay obligations. None of the FLSA exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid wages and expesnes pay in accordance with the FLSA.

55. Plaintiff is a victim of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA, has been applied to all Plaintiff.

56. Plaintiff is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

57. Defendant was aware that Plaintiff was working and willfully failed to paid Plaintiff for hours worked.

58. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime wages, Plaintiff is entitled to an award of pre- and post-judgment interest at the applicable legal rate.

59. As a result of the aforesaid willful violations of the FLSA minimum wage and overtime provisions, compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### SECOND CLAIM FOR RELIEF

**Violation of the Colorado Wage Act and Failure to Maintain Records**

60. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 59 of this Complaint as if set forth *verbatim*.

61. Defendant violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq*.

62. Defendant is required under Colorado law to pay Plaintiff for their time worked during their scheduled shift, additional shifts, and interrupted meal breaks. 7 COLO. CODE REGS. § 1103-1:2; 7 COLO. CODE REGS. § 1103-1:7.

63. Defendant is required under Colorado law to pay all Colorado Plaintiff for unpaid wages, expenses and overtime work. 7 COLO. CODE REGS. § 1103-1:4.

64. Defendant is required under Colorado law to maintain accurate daily records of all hours worked by its employees including Plaintiff. 7 COLO. CODE REGS. § 1103-1:2

65. Because Defendant has not paid Plaintiff for all hours worked, expenses and overtime wages, Plaintiff has been damaged in an amount to be determined at trial.

66. Because Defendant has failed to maintain accurate daily records of all hours worked, Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

#### Unjust Enrichment

67. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 66 of this Complaint as if set forth *verbatim*.

68. Defendant suffered and/or permitted Plaintiff to perform work in one or more work weeks.

69. Plaintiff was not compensated for these o hours.

70. Defendant knowingly accepted the work, but Defendant did not compensate Plaintiff for this work.

71. Defendant has been unjustly enriched as a result of its accepting the work of Plaintiff without proper compensation.

72. It would be unjust to allow Defendant to enjoy the fruits of the Plaintiff's labor without proper compensation.

73. Plaintiff's unjust enrichment claim seeks unpaid straight time compensation for the off- the-clock work Plaintiff made at his respective regular rate of pay for all hours worked.

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

Dated this October 2, 2015.

                Respectfully submitted,

                */s Sara A. Green*
                Sara A. Green
                BACHUS & SCHANKER, LLC
                1899 Wynkoop Street, Suite 700
                Denver, CO 80202
                Telephone: 303.893.9800
                Facsimile:  303.893.9900
                sara.green@coloradolaw.net